UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUZVIMINDA LUMAQUIN,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS INC., et al.,<br><br>        Defendants. | Case No.15-CV-01869-LHK<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 7 |

Plaintiff Luzviminda Lumaquin ("Plaintiff") brings this action against defendants Experian Information Solutions, Inc.; Equifax, Inc.; CashCall, Inc. ("CashCall"); LoanMart; and Enhanced Acquisitions, LLC (collectively, "Defendants"). *See* ECF No. 1-2 ("Compl."). In the Complaint, Plaintiff alleges that Defendants violated the Fair Credit Reporting Act, 15 U.S. § 1681s-2(b), the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a), and California's Unfair Business Practices Act, Business and Professions Code § 17200 *et seq.* Compl. ¶¶ 19-35, ¶¶ 58-65. Before the Court is CashCall's motion to compel arbitration. ECF No. 7 ("Motion"). In its Motion, CashCall argues that a promissory note Plaintiff executed with CashCall in April 2012 contained a binding arbitration provision which requires Plaintiff to submit

1

Case No.15-CV-01869-LHK
ORDER GRANTING MOTION TO COMPEL ARBITRATION

to arbitration all of the claims alleged in the instant lawsuit against CashCall. Mot. at 2; 6-7. CashCall requests that the Court (1) order Plaintiff to arbitrate the instant dispute with respect to CashCall; and (2) dismiss or stay the instant action as to CashCall. Mot. at 1. No other Defendant has moved to compel arbitration, or joined the instant Motion.[1] On May 22, 2015, Plaintiff filed a statement of non-opposition to the Motion. ECF No. 13.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing on this matter currently scheduled for September 17, 2015, at 1:30 p.m. The Court hereby GRANTS CashCall's motion to compel arbitration and DISMISSES CashCall from this action without prejudice, so that Plaintiff and CashCall may proceed with arbitration. *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (when granting motion to compel arbitration, district court may at its discretion dismiss the suit in lieu of issuing a stay where "the arbitration clause [is] broad enough to bar all of plaintiff's claims); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (affirming district court's dismissal of plaintiffs' claims after district court granted motion to compel arbitration); *Jones-Mixon v. Bloomingdale's, Inc.*, No. 14-CV-01103-JCS, 2014 WL 2736020, at *10 (N.D. Cal. June 11, 2014) (stating that district courts in the Ninth Circuit have dismissed cases upon granting a motion to compel arbitration, and citing and collecting authority).

The initial case management conference in this matter, currently scheduled for September 17, 2015, at 1:30 p.m., remains as set as to Plaintiff and all remaining Defendants.

---

[1] On May 26, 2015, Plaintiff filed a notice of settlement stating that Plaintiff and Equifax, Inc. had reached a settlement in principle and were in the process of documenting that settlement. ECF No. 15. On July 21, 2015, Plaintiff voluntarily dismissed LoanMart as to all claims in the instant action. ECF No. 17. On August 4, 2015, Experian Information Solutions, Inc. ("Experian") filed a notice of settlement stating that Plaintiff and Experian had reached a settlement and that the parties would file a stipulation of dismissal within 90 days. ECF No. 19.

**IT IS SO ORDERED.**

Dated: August 7, 2015

_____
LUCY H. KOH
United States District Judge